Samuel GILFORD, Plaintiff–Appellant,

v.

CITY OF NEW YORK, New York City Police Department, Philip T. Pulaski, Kevin Perham, Michael Clancy, and Gary Gomula, Defendants–Appellees.

No. 04–4403–CV.

United States Court of Appeals, Second Circuit.

June 15, 2005.

Jason M. Wolf, Wolf & Wolf, LLP (Edward H. Wolf), Bronx, NY, for Plaintiff–Appellant, of counsel.

Victoria Scalzo, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, (Stephen J. McGrath), New York, NY, for Defendants–Appellees, of counsel.

PRESENT: CALABRESI, B.D. PARKER, Circuit Judges, and MUKASEY, Chief District Judge.*

## SUMMARY ORDER

Samuel Gilford ("Gilford") appeals from the judgment of the district court (Stein, J.), awarding summary judgment to the defendants on Gilford's Title VII claims. Gilford contends that triable issues of fact remained with respect to his claims, and that, as such, the district court erred in entering judgment in favor of the defendants. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Gilford is an African–American police officer, who has been employed with the New York City Police Department since 1983. In 1995, Gilford was promoted to detective, and assigned to the Crime Scene Unit ("CSU"). Gilford alleges that, from 1995, when he was first assigned to the CSU, through April 2002, he was repeatedly denied promotions on a racially discriminatory basis. Gilford also alleges that—during this same time period—he was denied numerous training opportunities offered to comparably situated caucasian detectives.

Gilford filed a complaint alleging race discrimination with the New York State Division of Human Rights ("NYSDHR") on May 16, 2001 .[1] In that complaint, Gil-

---

* The Honorable Michael D. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

[1] Gilford's NYSHDR charge was cross-filed with the EEOC.

ford alleged: 1) that in January 2001, a caucasian detective with "less seniority and less time in the unit" than Gilford was selected for a promotion; and 2) that "[f]rom September, 1995 until [the] present," Gilford was "denied training given to all, or most caucasian detectives." A little over a year later, Gilford filed a second NYSDHR charge, alleging, *inter alia,* that he had been denied overtime opportunities, and had been overloaded with work since the filing of his original NYSDHR complaint.

Gilford was issued a right-to-sue letter in October 2002. In January 2003, Gilford filed the instant case, alleging race discrimination and retaliation, in violation of Title VII. On July 13, 2004, the district court issued an opinion, granting summary judgment to the defendants on all of Gilford's claims. This appeal followed.

On appeal from an award of summary judgment, we review a district court's decision *de novo. See, e.g., Kapps v. Wing,* 404 F.3d 105, 112 (2d Cir.2005). Summary judgment is appropriate only if there are no genuine issues of fact, and the movant is entitled to judgment as a matter of law. *See id.* The ultimate inquiry, in determining whether summary judgment was properly granted, is whether any reasonable jury might find the plaintiff's evidence adequate to meet his or her burden of proof. *See, e.g., Amnesty America v. Town of West Hartford,* 361 F.3d 113, 122 (2d Cir. 2004).

For the reasons stated by the district court, we agree that Gilford has not made out a prima facie case with respect to his allegation that the defendants' failure to promote him in January 2001 was racially discriminatory. Gilford never came forward with *any* information regarding the January 2001 "failure to promote" incident. Although a plaintiff's burden in making out a prima facie case of discrimination "is not onerous," *Howley v. Town of Stratford,*

217 F.3d 141, 150 (2d Cir.2000) (internal quotation marks omitted), in this instance we conclude that Gilford has failed to make even this *de minimis* showing.

■ We also conclude that summary judgment was properly granted to the defendants on Gilford's other "failure to promote" claims. Since those claims were not mentioned in Gilford's NYSDHR charges, they are not cognizable by the federal courts unless they are "reasonably related" to the conduct alleged in Gilford's NYSDHR charges. *See Alfano v. Costello,* 294 F.3d 365, 381 (2d Cir.2002). But, without more adequate information regarding the alleged circumstances of the January 2001 "failure to promote" incident, it is impossible to determine whether Gilford's later "failure to promote" claims might be deemed "reasonably related" to that incident. *See generally Butts v. City of New York Dep't of Hous. Pres. & Dev.,* 990 F.2d 1397, 1402–03 (2d Cir.1993) (setting out the standards for when conduct may be deemed "reasonably related" to the allegations in an EEOC charge).

■ Gilford's claims of racially discriminatory denial of training were also properly dismissed by the district court. The only record evidence of a denial of training that fell within the applicable limitations period (300 days prior to the filing of Gilford's NYSDHR charge) showed that one caucasian detective within Gilford's unit received training, whereas Gilford did not. Gilford did not, however, demonstrate that he was similarly situated to the caucasian detective who received training. And, other caucasian detectives in Gilford's unit did not receive training during that same time period. Thus, Gilford has not created a genuine issue of fact as to whether he was denied training on a racially discriminatory basis at any time within the applicable limitations period. Without proof of some discriminatory act within the

pertinent limitations period, Gilford's failure to train claims must be dismissed in their entirety. *See* 42 U.S.C. § 2000e–5(e); *cf. Nat'l RR Passenger Corp. (AMTRAK) v. Morgan,* 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (*"Provided that an act contributing to [a hostile work environment] claim occurs within the filing period,* the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.") (emphasis added).

■ Finally, we agree with the district court that no reasonable jury could find for Gilford on his retaliation claims. Although Gilford did demonstrate that his work load increased following the filing of his initial NYSHDR charge, the defendants have introduced proof demonstrating that Gilford's workload nonetheless remained comparable to that of the other senior detectives on his squad. And, although Gilford alleges he was "continually" denied overtime on a retaliatory basis, his own evidence demonstrates that he in fact worked significant overtime hours in the year following the filing of his charge. This fact might not, of itself, be sufficient to preclude a finding of retaliation. But, together with Gilford's failure to allege any specific incidents on which he was denied overtime, it leads to the conclusion that no reasonable jury would be able to find in favor of Gilford on this aspect of his claims.

We have considered all of Gilford's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.